# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                          Case No. 08-CR-231

TONY ORTIZ, el. al.

    Defendants.

## DECISION AND ORDER

On September 3, 2008, a federal grand jury sitting in this district returned a three-count indictment against defendant Tony Ortiz (defendant) and eleven co-defendants. Defendant Ortiz is charged in Count One with conspiracy to distribute and posses with the intent to distribute five kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and 18 U.S.C. § 2. He also is charged in Count Three with knowingly and intentionally distributing 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

The indictment initially was sealed. On January 6, 2011, the indictment was redacted as to the defendant and he appeared before United States Magistrate Judge Nancy Joseph for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant filed a motion to sever defendants. (Docket # 131). The defendant is seeking to have his case severed from that of co-defendant Juan Almendarez for trial, pursuant to Fed. R. Crim. P. 14 and <u>Bruton v. United States</u>, 391 U.S. 123 (1968). The defendant asserts that joinder of his trial with that of co-defendant Almendarez would prejudice him because the confession of Almendarez would be admitted as evidence at trial

against the defendant. Thus, the defendant contends that this court must sever his trial from that of co-defendant Almendarez.

The government concedes that if the defendant and co-defendant Almendarez were tried together, a Bruton issue would be presented. However, the government asserts that severance is premature at this point because defendant Almendarez may not proceed to trial, thereby negating any Bruton problem. Therefore, the government proposes that the "motion be taken under advisement and be addressed when the case is in a trial posture." (Government's Response to Defendant's Motion to Sever Defendants at 2). In his reply brief, the defendant states that he has no objection to this court taking this motion under advisement at this time.

Under Bruton, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify and, therefore, cannot be cross-examined, violates a defendant's Sixth Amendment right to confrontation. 391 U.S. at 127-28. The parties agree that a joint trial of the defendant and co-defendant Almendarez would result in a violation of the defendant's Sixth Amendment rights. In this case, evidence against the defendant includes the confession of co-defendant Almendarez implicating the defendant. The government acknowledges that under these circumstances, a joint trial of the defendant with co-defendant Almendarez would violate Bruton.

The indictment in this case was issued in September of 2008, but the defendant did not appear on that indictment until January 6, 2011. The Speedy Trial Act, 18 U.S.C. §3161, requires that cases be tried in a timely fashion. The court is aware that no trial date has been set yet. The only stated reason for postponing a decision on the motion is to allow the government to attempt to reach a plea agreement with co-defendant Almendarez. Putting off a decision on the defendant's motion to sever for an unspecified time until a possible plea

agreement can be reached, in this court's opinion, does not comport with the spirit and terms of the Speedy Trial Act. Accordingly, under the circumstances, the defendant's motion to sever defendants will be granted.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever defendants be and hereby is **granted**. (Docket # 131).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to this order or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge