**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                            Case No. 08-CR-231

TONY N. ORTIZ,

        Defendant.

_____

## ORDER

On September 23, 2008, a federal grand jury sitting in this district returned a three-count indictment against defendant Tony Ortiz ("Ortiz") and eleven co-defendants. Ortiz is charged in Count One with conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and 18 U.S.C. § 2. Ortiz is also charged in Count Three with knowingly and intentionally distributing 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2.

The indictment initially was sealed. On January 6, 2011, the indictment was redacted as to the defendant and he appeared before United States Magistrate Judge Nancy Joseph for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, Ortiz filed a motion to sever defendants. (Docket #131). The defendant is seeking to have his case severed from that of co-defendant Juan Almendarez ("Almendarez") for trial, pursuant to Fed. R. Crim. P. 14

and *Bruton v. United States*, 391 U.S. 123 (1968). There is no dispute that if defendant Ortiz and co-defendant Almendarez were tried together, a *Bruton* issue would be presented.[1] However, the government opposes the motion to sever, arguing that severance is premature at this point because defendant Almendarez may not proceed to trial, thereby negating any *Bruton* problem. Accordingly, the government requests that the motion be taken under advisement and be addressed when the case is in a trial posture. In reply, the defendant indicated he has no objection to the court taking the motion under advisement at this time. Nevertheless, on March 17, 2011, Magistrate Judge Patricia J. Gorence considered and granted the motion to sever, reasoning that delaying a decision for an unspecified period until a possible plea agreement can be reached with co-defendant Almandarez "does not comport with the spirit and terms of the Speedy Trial Act." (Magistrate Recommendation at 3). In response, the government filed an objection to the magistrate's order.

Because Ortiz's motion to sever is a nondispositive pretrial motion, the court will only disturb the magistrate's order if it was clearly erroneous or otherwise contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Crim.P. 59(a) (defining

---

[1] Under *Bruton*, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127-28. Here, the principal evidence against the defendant includes the confession of Almendarez implicating the defendant, thus presenting a classic *Bruton* scenario.

procedure for nondispositive motions before a magistrate judge). The court finds that it was not.

The government argues the magistrate wrongly assumed that granting of the motion to sever will result in a speedier trial for Ortiz. The government reasons "the trial court might well conclude that Ortiz's trial should follow that of Almandarez and the rest." (Pl.'s Objection at 2). Though the determination of whether Ortiz's trial should follow the trials of Almandarez and the rest of the co-defendants may prove to be the proper way to proceed, this does not change the court's concerns over the defendant's speedy trial rights. This concern is exacerbated by the fact that the speedy trial dates for Almendarez, and at least five other co-defendants, are set to expire on April 11, 2011, while Ortiz's speedy trial date is quickly approaching on April 15, 2011. Despite the imminency of these dates, no trial date and no request for additional excludable time under the Act has been sought by the government for any defendant. The Speedy Trial Act serves an important purpose and it is not to be dealt with nonchalantly. In light of the already lengthy time line of this case, the court finds it both in the interests of justice and in the interests of administration of the Speedy Trial Act to grant the motion to sever. In the event co-defendant Almendarez resolves his case short of trial, the court sees no great inconvenience in consolidating the defendant's case with that of the remaining co-defendants should it become appropriate.

Accordingly,

**IT IS ORDERED** that the magistrate's order granting defendant's motion to sever (Docket #139) be and the same is hereby **AFFIRMED.**

Dated at Milwaukee, Wisconsin, this 8th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge